# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3485 | **DATE** | 1/2/2012 |
| **CASE TITLE** | KEVIN PHILLIPS v. JOSE DURAN et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for leave to reopen discovery for the limited purpose of receiving documentation pursuant to subpoenas issued before the close of discovery [15] is granted in part and denied in part. The court previously quashed as untimely defendants' subpoenas dated December 3, 2012 and December 6, 2012 because they called for the production of documents after the close of discovery. *See* Dkt. No. 14. On December 20, 2012, defendants moved to reopen discovery, claiming the documents received in response to the subpoenas reveal plaintiff's injuries were self-inflicted. Defendants claim the documents contradict plaintiff's deposition testimony from November 7, 2012 regarding the reason for plaintiff's hospital visit and his interrogatory response dated November 5, 2012 that he did not ingest drugs within 24 hours of his arrest. Although courts have broad discretion to reopen discovery, *see Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007), this relief is not warranted here. Defendants claim they did not learn the names of plaintiff's physicians until plaintiff's deposition, but they did not issue their subpoenas until nearly one month after the deposition or otherwise move for an extension of time to complete discovery. Plaintiff's conduct was not above reproach, however. His delinquent interrogatory responses, completed two days before his deposition, failed to name the hospital where he was treated following his arrest, even though he provided the name of the hospital at his deposition. Plaintiff is reminded of his continuing duty to supplement initial disclosures and discovery responses. *See* Fed. R. Civ. P. 26(e)(1). Accordingly, defendants' alternative relief will be granted in part. Defendants shall not be permitted to call the treating physicians as witnesses at trial, but they may introduce plaintiff's medical records for the limited purpose of impeaching plaintiff. Plaintiff is unlikely to suffer undue prejudice from the use of the medical records for impeachment purposes; he presumably has knowledge of medical treatment he received and can obtain copies of his own medical records. The motion will not be heard on January 8, 2013 as noticed. ALL PREVIOUSLY SET DEADLINES STAND. The case remains on the February trial calendar.

*Suzanne B. Conlon*

Notices mailed by Judicial staff.

| | Courtroom Deputy Initials: | MG |
|---|---|---|