UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN PHILLIPS, | ) | |
| | ) | No. 12 C 03485 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Suzanne B. Conlon |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS JOSE | ) | |
| DURAN # 13930 and ANTHONY CEJA | ) | Jury Demand |
| #3161, | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTIONS IN LIMINE

Defendants move *in limine* to bar Plaintiff, his attorneys and witnesses, from mentioning, referring to, interrogating or introducing evidence concerning, voluntarily answering, or attempting to convey to the jury at any time during the proceedings in any manner, either directly or indirectly, any of the following:

1. **TESTIMONY OR ARGUMENT THAT THE DEFENDANTS USED EXCESSIVE FORCE WHEN THEY ARRESTED PLAINTIFF. – Plaintiff agrees.**

Defendants anticipate that Plaintiff will argue the defendants used excessive force when he was arrested him on May 3, 2011. Plaintiff has made no claims against any of the defendants for use of excessive force during his arrest. As a result, allegations related to the use of force are not relevant to the issues of this case pursuant to Fed. R. Evid. 401 and 402. In addition, the admission of evidence related to defendants' excessive use of force should be barred pursuant to Fed. R. Evid. 403, because the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. It is apparent that plaintiff will attempt to introduce

evidence that the defendants used excessive force during his arrest solely for the purpose of garnering sympathy from the jury. Plaintiff's complaint make no mention of excessive force, however, of the eve of the discovery closure, plaintiff testified that an officer pushed him in the chest and that as a result, he had chest pain and later went to the hospital for treatment. Plaintiff's deposition testimony regarding the defendant officers' use of force, however, is directly contradicted by the medical evidence which indicate that his injuries were self-inflicted. Plaintiff should not be permitted to mislead the jury about the nature of his injuries, and in particular, suggest that the defendants caused him any harm when his injuries were self-inflicted. As a result, any testimony or argument that the defendants used excessive force when they arrested him should be barred.

2. **PERMIT TESTIMONY OF TREATING PHYSICIAN SOLELY FOR THE PURPOSE OF AUTHENTICATING MEDICAL RECORDS. Plaintiff Agrees.**

Pursuant the Court's order of January 2, 2013, "[d]efendants shall not be permitted to call the treating physicians witnesses at trial, but they may introduce plaintiff's medical records for the limited purpose of impeaching plaintiff." Doc. at #62. Defendants move *in limine* to permit the treating physician's testimony solely for the purpose of authenticating plaintiff's medical records pursuant to Fed. Rule of Evid. 803(6). The medical records may be used to impeach plaintiff's testimony regarding his consumption of alcohol and illegal drugs on the day of his arrest, as well as his reason for seeking medical treatment on May 5, 2011, when he reported to the hospital. Without the testimony of the declarant or the treating physician, defendants lack the proper foundation to introduce the medical records at trial and risk prejudice by not having the medical records properly admitted into evidence. Accordingly, defendants move *in limine* to permit the treating physician to lay the foundation for admission of plaintiff's medical records into evidence.

3.  **ADMIT PLAINTIFF'S PRIOR FELONY CONVICTION – Plaintiff agrees.**

Defendant Officers move to admit the evidence of Plaintiff's prior felony conviction pursuant to FRE 609. On December 10, 2008, Phillips was convicted of Possession of Heroin, a class 4 felony.

Federal Rule of Evidence 609 provides that, "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law which the witness was convicted…." FRE 609(a)(1). There is a ten (10) year time limit on convictions. In considering convictions under Rule 609(a)(1), "the Court considers the impeachment value of the crime, the point in time of the conviction and the defendant's later history, the similarity between the past crime and the matters alleged in the case, the importance of the defendant's testimony, and the centrality of the credibility issue." *See, e.g., United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997) , *quoting Rodriguez v. Woodall, et al.,* 03 C 3880 (N.D. Ill., March 28, 2005, Kennelly). The probative value of the evidence of convictions outweighs any prejudice to Plaintiff. Accordingly, defendants request that Plaintiff's felony conviction be admitted pursuant to FRE 609

4.  **ANY EVIDENCE OF CHICAGO POLICE DEPARTMENT GENERAL ORDERS, RULES, AND REGULATIONS. Plaintiff agrees.**

Violations of state statutes, local ordinances, or administrative or department regulations do not give rise to an action under section 1983, unless the rights are guaranteed under the United States Constitution. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Thompson v City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1048-49 (7th Cir. 1995). Furthermore, courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties protected by the "reasonableness" standard under the

Fourth Amendment. *See Gordon v. Degelmann*, 29 F.3d 295, 301 (7th Cir. 1994); *Archie v. City of Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988) (en banc); *see also Graham v. Connor*, 490 U.S. 386 (1989). Therefore, whether the Defendants or any police officer violated Chicago Police Department rules, regulations, or directives is irrelevant to Plaintiff's section 1983 claims. Fed. R. Evid. 401 & 402. If this Court were to permit Plaintiff to present evidence or suggest to the jury that the Defendants or other police officers may have breached some obligation they had to their employer through an alleged rule violation would be confusing to the jury and unfairly prejudicial to Defendants in the defense of this matter. Fed. R. Evid. 403. *See Walker v. City of Chicago*, 1992 WL 317188, *4 (N.D. Ill. Oct. 27, 1992).

Accordingly, Plaintiff should not be permitted to inject the possibility of a rule violations into these proceedings. Pursuant to Fed. R. Evid. 401, 402, and 403, Plaintiff should not be allowed to argue, present evidence, or imply that Defendants or any police officer witness may have violated the rules and regulations of the Chicago Police Department in any involvement with Plaintiff they may have had.

5. **ANY TESTIMONY, EVIDENCE, ARGUMENT OR COMMENTS REGARDING OTHER EVENTS CONCERNING ALLEGATIONS OF POLICE MISCONDUCT. Plaintiff agrees.**

In recent months, allegations of misconduct by members of the Chicago Police Department have received, and at times even dominated media coverage in the city's major newspapers, local news broadcasts and on the internet. Certain allegations have even received nation-wide coverage. Some of the most publicized events include the police torture case involving retired Sergeant John Burge, the videotaped incident of off-duty police officer Anthony Abbate attacking a bartender; and the recent indictments of a number of police officers for on-duty conduct, especially in the on-going Special Operations Section criminal investigation.

Defendants do not condone any of this alleged conduct and should not be forced to defend the conduct of others in this Court.

Defendants have absolutely nothing to do with any of these publicized incidents and there are absolutely no allegations of any such misconduct in this case. As such, any testimony, evidence, argument or comments regarding these publicized events should be barred. Fed. R.Evid. 401, 402, & 403. References to other allegations of police misconduct during this trial can only serve to inflame the Jury against the police in general, and against the Defendants in this particular case. Comments and implied references to this affect have no probative value and are irrelevant to the issues presented. *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 740 (N.D.Ill.2004) (granting identical motion); *Heflin v. City of Chicago*, No. 95 C 1990, 1996 WL 28238(N.D.Ill. 1996) (Conlon, J).

Furthermore, Plaintiff has not included in his Amended Complaint a policy or practice claim against the City of Chicago pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). As such, Plaintiffs do not need to prove the existence of any deliberate indifference to a long-standing policy or practice that might require evidence of other instances of police misconduct.

6.     ANY REFERENCE TO "SENDING A MESSAGE TO THE CITY."

**Plaintiff agrees.**

Plaintiff should be prohibited from making any argument that the jury should "send a message" to the City with its verdict, or that the jury should somehow punish the City with its verdict. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. As a matter of law, Plaintiff cannot recover punitive damages from the City as a result of this occurrence. *See* 745 ILCS 10/2-102; *City of Newport v. Fact Concerts,* 453 U.S. 247,

271(1981). Accordingly, Plaintiff should not be permitted to imply to the jury that punishment can serve as a legitimate basis for an award against the City. Any such implication would be unfairly prejudicial to the Police Officer Defendants. *See* Fed. R. Evid. 403.

Moreover, Plaintiff's only "claims" against the City are grounded in respondeat superior and indemnification. Accordingly, Plaintiff have no substantive claims against the City and any reference to the City will serve no purpose other than to improperly suggest to the jury that the City of Chicago, a "deep pocket," will pay.

**7. ANY MENTION OF INDEMNITY. Plaintiff objects.**

Defendants further move this Court for an Order *in limine* barring Plaintiff from offering any testimony, evidence, or argument indicating that the Defendants may be indemnified against any judgment in this action. It is undisputed that the City has agreed to indemnify the officers for any compensatory damages assessed in this case. Thus, the only reason to mention the City is to signal the jury that deep pockets are available to pay any judgment. Such a signal runs afoul of federal and Illinois law that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. *See* Fed. R. Evid. 411; *Walker v. Saenz*, 1992 WL 317188, *3 (N.D. Ill. Oct. 27, 1992); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *Griffin v. Hillke*, 804 F.2d 1052, 1057 (8th Cir. 1986) (declaring indemnification instructions to constitute reversible error).

Knowledge that the City of Chicago will indemnify Defendants for possible damages might encourage jurors to find for Plaintiff─regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors.

**8. BAR ANY CLAIM OR REFERENCE TO PERMANENT PSYCHOLOGICAL INJURIES AS A RESULT OF THIS INCIDENT. Plaintiff agrees.**

Defendants anticipate that Plaintiff may attempt to testify that his alleged emotional injuries caused a permanent condition or will cause his future psychological problems or require future medical treatment. However, Plaintiff can offer no competent medical testimony to support such a contention. Plaintiff himself is incompetent to testify to his own medical prognosis. In fact, there is no evidence Plaintiff ever received medical treatment as a result of this incident nor has plaintiff disclosed any expert pursuant to Fed. R. Civ. P. 26(a)(2). Accordingly, this Court must bar any witness from offering any opinion testimony or any other expert testimony of any kind, including any testimony, argument, or reference that Plaintiff has suffered any permanent injury or will have future medical problems or need future medical treatment as a result of the alleged injuries he incurred in connection with this incident.

WHEREFORE, Defendants request that Plaintiff and his witnesses and attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel be instructed to warn and caution each and every witness under their control appearing in their litigation to strictly comply with the ruling of the Court.

Respectfully Submitted,

By: /s/ Robin D. Shoffner
Robin D. Shoffner
Assistant Corporation Counsel
Attorney for Defendants
30 N. LaSalle Street, Suite 900
Chicago, Il 60602
Tel: 312-744-4746
Atty. No. 6204393.